HIRAM T. PARR, ADM'R, V. DAVID R. JOHNSTON.

Where there was a motion to strike out a plea, and there was no entry disposing of said motion, but the statement of facts, which was signed by the attorneys of both parties and approved by the Judge, stated that the same had been sustained, it was so regarded by this Court ; but *quere*, if the statement of facts had not been signed by the counsel of both parties ?

It seems that if the statement of facts should contain statements at variance with formal entries of record, the latter would be regarded on appeal as the true exponents of the action of the Court below.

A plea " that the note sued on is not the deed or act of the defendant," supported by oath, is sufficient to put in issue the execution of the note.

Where the defendant being sued on a note, denied its execution under oath, and put interrogatories to the plaintiff, whether it was not a forgery, and the Court below struck out the interrogatories ; on appeal, the judgment being reversed and remanded for error in other respects, this Court said there did not appear to be any error in striking out the interrogatories,—that the plaintiff might have refused to answer, on the ground that he was not compelled to criminate himself.

It seems that where a party propounds interrogatories to his adversary, which are not responsive to the pleadings, they should be struck out on motion.

Appeal from Gonzales. Suit by appellee against appellant on a promissory note alleged to have been made by the defendant's intestate, Richard Parr, and to have been lost by the plaintiff. Answer that "the lost note sued on or set up in plaintiff's petition, was not the deed or act of the deceased

"Richard Parr." Interrogatories annexed to defendant's answer,

1st. Was not the note set up in your petition and alleged to be lost a forgery?

2d. If you say it was not, state what was the consideration of said note, and where was the same given?

3d. If you answer that the consideration was borrowed money, please state the amount of money loaned by you to Richard Parr, deceased, and what was the rate of interest he was to pay on the same.

The plaintiff's residence was stated in the petition to be in the State of California. The other facts appear from the Opinion.

T. S. Anderson, for appellant.

A. N. Mills, for appellee.

HEMPHILL, CH. J. This was a suit against an administrator, on a lost note. The defendant pleaded that the note sued on was not the deed or act of the deceased, and made oath that the plea was true to the best of his knowledge and belief. He also filed several interrogatories to be propounded to the plaintiff in the cause. From the statement of facts it appears that both the plea and interrogatories were stricken out, on the motion of the plaintiff, and this action of the Court is assigned as error.

But preliminary to an examination of this assignment it will be necessary to recur to a point raised in the record and in the argument of counsel, for the appellee, viz: that the plea was not in fact stricken out, and that this is shown by the record of the proceedings in the cause. The statement of facts in this cause has some extraordinary features. It embraces more than properly comes within the scope of a statement of facts. It is

signed, however, by the attorneys of both parties, and certified to by the presiding Judge, and includes, among other matters, a positive statement that both plea and interrogatories were overruled and stricken out.

The record of the proceedings shows that the plaintiff excepted to defendant's plea and also to the interrogatories propounded by him, and moved to strike out both plea and interrogatories. The entry of the judgment recites that the motion to strike out the interrogatories was sustained, but is silent with regard to the other object of the motion, viz : the striking out of the plea, and the appellee, in an ingenious and able argument, contends that the motion as to the plea must be regarded as waived. This would be the presumption, and ordinarily it would be binding upon the parties ; but in this case it is rebutted by the agreed statement of facts.

Had the entry of the judgment recited that the motion with reference to the plea was waived, or that it was overruled, it would have been conclusive, and must have been regarded as entitled to higher credit than the contrary statement to be found in the statement of facts. But no such entry is found in the judgment, and the mere silence or omission to notice the ruling on the motion, cannot be regarded as paramount or even equivalent (at least for the purposes of appeal) to the positive statement to the contrary, agreed upon by the parties and certified by the Judge.

It may be said that matters may frequently be inadvertently omitted or inserted in the statement of facts, which may evade the scrutiny of the counsel and of the Judge. This is doubtless true, but such insertions or omissions are doubtless of frequent occurrence in the entry of judgments. Where the record presents contradictions or seeming repugnancies, they must be reconciled, if possible, and the positive agreed statement of a fact must be regarded as authentic evidence of its existence, when not rebutted by an entry in the proceedings, to the contrary.

Parr  v.  Johnston.

On the supposition that the plea was stricken out, the question is whether such ruling was erroneous. The plea averred that the note was not the act or deed of the deceased. This was an averment that it was not executed by the deceased, and the denial of execution is the whole scope and extent of the plea " *non est factum*," under the Statute. This was supported by affidavit of the administrator to the best of his knowledge and belief; and this was quite sufficient; for an administrator, in support of the plea, was not required by his affidavit to deny the execution of the note, but only to cast some suspicion on its existence. (Art. 741, Hart. Dig.) The plea and affidavit being sufficient, there was error in sutaining the exception to them and in the motion to strike them out. There does not appear to have been any error in striking out the interrogatories. The first was objectionable, and the plaintiff might have refused to answer, on the ground that he was not compelled to criminate himself, and the answers to matters enquired of in the others, would not have been responsive to the pleadings of defendant, there being none but the plea *non est factum ;* and if even that had been allowed to stand, it would have put in issue only the execution of the note. The interrogatories were not to prove by circumstances that the note was not executed, but went to impeach its consideration.

Judgment reversed and cause remanded.

Reversed and remanded.