### A. FRANK, ADM'R. v. J. R. KAIGLER.

1. A party who sues in the name of another when he might sue in his own name may amend and proceed in his own name.
2. An indorsement of part of a note is ineffectual to transfer the title to the note, or to invest the indorsee with a right of action upon it in his own name.
3. On a note for five hundred dollars, the payee indorsed " pay to L. four " hundred dollars out of this note." Suit being brought by a subsequent

indorsee in his own name, alleging that he was the legal and equitable owner, but exhibiting the note and indorsements as part of his petition, the maker and defendant demurred. *Held*, that the demurrer was properly sustained.

APPEAL from De Witt. Tried below before the Hon. Henry Maney.

The opinion of the court and the head-notes state the material facts. The entire indorsement was " pay to A. P. Luckett or " order four hundred dollars in stock, out of this note. March " 18th, 1861. W. G. Kelley ;" but the note, being overdue, was treated as a money demand.

*Everett Lewis*, for the appellant.

*Miller & Sayers*, for the appellee.

WALKER, J. This suit is brought upon an instrument in writing in these words :

" On demand I promise to pay W. G. Kelley or order the " sum of five hundred and twenty-five dollars in horse property, " for value received, January 7th, 1861.

                                        " JAMES R. KAIGLER."

The petition alleges that four hundred dollars of this note were transferred by the payee to A. P. Luckett, by him to B. H. Luckett, and by B. H. Luckett to plaintiff's intestate. By an amended petition plaintiff alleged that he was the legal owner and holder of the obligation sued on.

To the petition and amended petition defendant filed a general demurrer and a plea of general denial. Upon the trial the demurrer was sustained by the court, and judgment rendered dismissing the case from the docket, and against plaintiff for costs.

Plaintiff moved for a new trial, which was refused ; and he gave notice of appeal, and assigns as one cause of error the sustaining of the demurrer. A party who sues in the name of

another for his own use, when he might have sued in his own name, may amend and proceed in his own name. (Heard *v.* Lockett, 20 Texas, 162 ; Barnett *v.* Logue's Adm'rs, 29 Texas, 282.) Although the bearer or indorsee of a note has the legal title to it, he may maintain a suit in his own name ; yet if he holds it without consideration and in trust for the payees, the maker is entitled to any defense against the note which he could make against the payees if they were plaintiffs.

But the indorsement in this case was for a part only of the note sued on. Such an indorsement cannot be made, and was absolutely void. (Edwards on Bills, p. 279 ; Parsons on Contracts, pages 205 and 218.)

The judgment of the District Court is affirmed.

Affirmed.