Opinion by
Hurt, J.
§ 566. Citation; service of; variance betiveen copy and original, held immaterial. Hays & Co. sued Jensen on two accepted drafts. One of these drafts was for $254.73, due four months after date. The petition and original citation described both drafts accurately, but the copy of citation served upon defendant described the above named draft as due five months after date. Held, this variance was immaterial and did not vitiate the service. It would not have been fatal had it occurred in the original citation. [Pipkin v. Kauffman & Runge, 5 Tex. L. Rev. 10.]
§ 567. Holder of bill may sue notwithstanding same has been indorsed to another. Hays & Co. were the payees and holders of the drafts which had been indorsed by them, and, subsequent to their indorsement, *500 was another, to a bank for collection. No re-transfer of the paper to Hays & Co. appeared upon the same. Held: “Where there appears upon a bill or note an indorsement by the plaintiff, and subsequent indorsements to his, the question has been raised, whether or not he could sustain the suit without showing a re-transfer of the paper to himself. The better opinion is that he can. ... A holder may always strike out the special indorsements, and bring suit under any indorsement in blank. Where there appears on the paper the plaintiff’s own indorsement, it will be presumed, either that he had not perfected his indorsement by delivery, or that the paper had been returned to him as his own property, and in either case he has the right to sue upon it; and clearly, if his indorsement be to another for collection, he would have the right to sue, for if paid, the proceeds would belong to him.” [2 Dan’l, Neg. Inst. § 1198.] Hays & Co. being in possession of the drafts, prima facie had the right to sue thereon, and to defeat their suit it must have been shown that their possession was mala fide. [2 Dan’l, Neg. Inst. § 1200; Barnett v. Logue, 29 Tex. 282.]
February 25, 1885.
Affirmed.