### THAXTON et al. v. WHITESIDES.

No. 12727.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 29, 1932.

Taylor, Muse & Taylor, of Wichita Falls, and Donley Suddath, of Henrietta, for appellants.

Frank Bunting, of Henrietta, for appellee.

LATTIMORE, J.

Appellee, alleging himself the holder in due course of two notes, executed by G. C. and L. C. Thaxton, sued them thereon. Appellants pleaded misjoinder of parties in that the notes were executed by them to the order of Mrs. Bennie Williams, who had indorsed

one of the notes to appellee as collateral security for the debt to appellee of her deceased husband, J. C. Williams, administration on whose estate was then pending. Mrs. Williams, who was not sued, had leased a pasture of some two hundred acres from appellee. The pasture was a part of a larger tract all under one fence. She in turn leased the entire larger tract to appellants, receiving those notes in payment therefor, and indorsing them to appellee, one without condition for her lease hire, the other as the above-stated collateral.

Thereafter, the remainder of the tract being claimed by its owners, the appellants and Mrs. Williams relieved each other by agreement of the sublease, and the agent of appellee, being apprised of this, approached Mr. Suddath, agent for Mrs. Williams, and demanded to see the lease his client had made to Mrs. Williams. "What do you want with it?" asked Suddath. "You have turned the land back and I want the contract back," replied Bunting. Thereupon Suddath delivered the lease contract document back to appellant's agent, who thereupon leased the land to Johnson.

The holder of a note pledged as collateral may sue in his own name for the full amount thereof, and, collecting it, pay the pledgor's debt to himself, and hold the balance in trust for his pledgor. Bruyere v. Liberty Nat. Bank of Waco (Tex. Civ. App.) 262 S. W. 844. This authority is given the pledgee by the pledgor by such pledge. Article 5935, § 51, Rev. Statutes. It is no concern of the obligor on the pledged note concerning such excess. However, it is the right to such obligor to interplead such pledgor if desirable that the judgment may be res adjudicata of the pledgor. This duty is not on appellee. It is on appellants.

If there be a defense available to the maker of the note against such pledgor, then the pledgee, if a holder in due course, can only recover of such maker of the note to the extent of the pledge which must be established by appellee. Appellant may require, if the equities permit, that other security be first exhausted, but this last, however, is defensive pleading. It is not incumbent on appellee to negate in his original petition the existence of facts which are not inferable from his petition. These matters are not pleaded by appellants by way of abatement or misjoinder, nor do they make Mrs. Williams a party other than to complain that plaintiff has not done so.

Appellants pleaded that the notes pleaded "do not bear the true facts as actually existed and therefore plead non est factum as to said notes." The statutes set out the requisites of the plea (article 2010, subd. 8, Rev. Statutes of 1925) for the pleading which lawyers name "non est factum," and the above is not a compliance with it. No better illustration of the resultant evasion of the oath required could be offered than the above, where the sole substance of the contention of "non est factum" was that one of the notes was in fact a pledge and not so pleaded by plaintiff. See Parr v. Johnston, 15 Tex. 294.

Appellant pleaded that G. C. Thaxton was an accommodation indorser and as to him such notes were without consideration, that the consideration had failed as to all defendants, and that the various parties had by agreement rescinded or terminated the lease and sublease.

There was abundant evidence, though not undisputed, to sustain the contention of appellee that he was a holder in due course of these notes, but evidence is undisputed that appellants were not liable on them to Mrs. Williams. Consequently, it became necessary at the conclusion of the evidence to decide how much was the pledge for which one of the notes was delivered to Mr. Bunting and to limit the recovery on that note, if any, to such pledge. The court submitted to the jury the question whether or not the surrender of the lease writing was "with the understanding that it terminated the agreement between the parties." The jury answered "Yes." We are at a loss to know what meaning attaches to this answer. Understanding of whom? If only Suddath, it decides nothing. If "terminated," as distinguished from "rescinded," then a question arises of value of the use of the land up to such termination. The burden was upon appellants to establish rescission or termination and on appellee to establish the value of such use to that date in case of a termination. Moreover, if "terminated" in the sense of "vacated" by Mrs. Williams, evidence of the amount of the rent received for the property during the remainder of the term is admissible to minimize damages, but the burden of such proof is on appellants.

That the accommodating party receives no consideration from the holder of the note, not the accommodatee, is of no importance, if there is consideration to the accommodated party or if the holder is in due course. No issue on this matter arose on the evidence produced unless Whitesides was found not to be a holder in due course.

Our labors have been increased by citation by appellants of various cases which do not so appear and by appellee's failure to file briefs.

The cause is reversed and remanded.