**FELTHOUSE LUMBER CO. et al. v. TIJERINA et al.**

**No. 11163.**

Court of Civil Appeals of Texas.
San Antonio. .

Aug. 19, 1942.

Rehearing Denied Oct. 7, 1942.

Park Street and W. W. Fowlkes, both of San Antonio, for appellants.

Perkins & Floyd, of Alice, for appellees.

SMITH, Chief Justice.

The parties to this appeal are Felthouse Lumber Company and others, appellants, against Mrs. Raul Tijerina and husband, appellees. The suit was an action in trespass to try title, and to enjoin appellants from foreclosing under a deed of trust to secure the payment of a mechanic's lien note. The property involved consists of two lots in the City of Benavides, Duval County.

■ The cause was tried to the court without a jury and judgment was rendered granting appellee title to the property and perpetually restraining foreclosure of the mechanic's lien. The facts are somewhat complicated, but the trial court made elaborate findings of fact to which we must look for a statement of the case, since neither party has questioned any of the findings of fact by specific assignment, proposition or point. Appellant's only assignment of error or point is that "the court erred in rendering judgment to the effect that the Felthouse Lumber Company did not have any lien whatsoever." In the absence of a specific attack on the findings of fact, they must be given full effect, and the maximum duty resting upon this Court is to determine whether the judgment is supported by the findings.

The facts pertinent to this appeal can be briefly summarized from the findings of the trial judge. Francisco Lozano and wife owned the property involved in this action, and were using it as their homestead, subject to a then valid vendor's lien and a materialman's lien dated January 28, 1937, and August 3, 1937, respectively. Both of these liens were duly recorded by F. Vallo Puig, the holder of the obligations thereby secured. In order to erect a garage upon the land, Lozano and wife, on March 1, 1939, executed and delivered to Guadalupe Canales, as contractor, their mechanic's lien note and contract which was filed for record on September 2, 1939. This is the lien involved in this appeal.

The mechanic's lien note held by Guadalupe Canales was assigned to Victor Garcia and associates by an instrument in writing signed by the Hebbronville Lumber Company, acting by and through its president, Guadalupe Canales, and the assignment was recorded November 7, 1939.

Thereafter, Guadalupe Canales and the Hebbronville Lumber Company assigned to appellant Felthouse Lumber Company, as collateral, the mechanic's lien note, contract and deed of trust originally executed by Lozano and wife to Canales. The note bore the endorsement, in blank, of Guadalupe Canales. Four months later, Guadalupe Canales assigned to appellant the same note, contract and deed of trust. The court found that no consideration was paid by Felthouse Lumber Company for this assignment.

On November 27, 1940, Victor Garcia and associates, joined by Canales and the Hebbronville Lumber Company, quitclaimed to appellant Felthouse Lumber Company their interest in the mechanic's lien note, contract and deed of trust. Appellant, however, accepted the assignment upon the condition that if the title thereto was good, appellant would give the Hebbronville Lumber Company a credit in the amount of the note upon a pre-existing indebtedness. Such credit was never given.

Prior to October, 1940, Felthouse Lumber Company instituted proceedings under the deed of trust to foreclose the lien. The trustee named in the deed of trust was willing to act as trustee and sell the property, but at the request of W. W. Fowlkes, an attorney for the Felthouse Lumber Company, he executed a refusal to act as trustee. W. W. Fowlkes was then nominated as substitute trustee and made a sale of the property to Felthouse Lumber Company, on October 8, 1940, which the trial court found to be invalid because of the collusive refusal of the original trustee to act. That finding is not questioned on this appeal, and appellants have in effect conceded that the sale was invalid.

Appellant afterwards commenced new proceedings to foreclose again under the deed of trust, which foreclosure was perpetually enjoined by the trial court.

The injunction seems to have geen granted on the assumed ground that appellant Felthouse Lumber Company was not the legal owner of the note and lien it was seeking to enforce, and therefore could not legally foreclose under the deed of trust. We are of the opinion that Felthouse Lumber Company, having the possession of the note endorsed in blank under three separate assignments, could institute foreclosure proceedings in default of payment.

■ Appellees, who are not in privity with the Felthouse Lumber Company, or with either original party to the note, can not in this proceeding attack the validity of the transfers from Canales and the others to appellant, whether for want of consideration or otherwise. Arts. 568 and 5935 § 51, R.S.1925; 10 C.J.S., Bills and Notes, § 515, p. 1140; Barnett v. Logue's Adm'rs, 29 Tex. 282, 289; Hughes v. Dopson, Tex. Civ.App., 135 S.W.2d 148. Especially is this true since appellees have not shown that they have a defense to the note which could have been asserted against the original payee and can not now be asserted against appellant, and they have made no effective attack on the validity of the lien asserted by appellant.

■ The possession of the note endorsed in blank, together with the lien securing it, by the Felthouse Lumber Company, was sufficient to permit it to sue thereon, without the joinder of any other party. Thaxton v. Whitesides, Tex.Civ.App., 54 S.W.2d 1059; Funkhouser v. Chemical Bank & Trust Co., Tex.Civ.App., 53 S.W.2d 146. The debt secured by the lien has never been paid, and appellees have not tendered the amount due thereon and are not in any position to prevent the foreclosure.

The controlling issue presented in this appeal is the error of the trial court in holding that appellant did not have any lien whatsoever, and the appeal in this respect presents the error above pointed out. Since

**734**

we are relegated to the findings of the trial court for all of the facts of the case, we can not examine the record in order to determine what judgment should be properly rendered, since it involves the question of priority between appellant's lien and a lien asserted by appellees, the validity and status of which was not satisfactorily established below. Numerous collateral questions arise from the record, but we think they can be better settled below without any expressions thereon in this opinion.

It was error for the trial court to hold that appellant had no lien whatsoever and render judgment in favor of appellees for title and possession of the land, freed of that outstanding mechanic's lien. Upon this conclusion, the judgment is reversed, and the cause remanded for a new trial upon the whole case.

Reversed and remanded.